# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LUNA, | CASE NO. 1:10-CV-02076-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| | (ECF No. 1) |
| v. | |
| CALIFORNIA HEALTH CARE SERVICES, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

## SCREENING ORDER

**I.   PROCEDURAL HISTORY**

On November 9, 2010, Plaintiff Arthur Luna, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff's Complaint is before the Court for screening.

///////

-1-

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

## III. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the California Department of Corrections and Rehabilitation, Corcoran Substance Abuse Treatment Facility and State Prison,

("CSATF/SP"). (Compl. p. 1, ECF No. 1.) Plaintiff complains that he fell from his bunk at CSATF/SP on May 16, 2009, injuring surgical work that had been done on his left shoulder a month earlier. (Id. at 9-11.) Defendants were deliberately indifferent to his resulting serious medical needs in violation of the Eighth Amendment and California Code of Civil Procedure Sections 338-340 and 425.12. (Id. at 5, 28-29.) Plaintiff also alleges that he was discriminated against because of his pre-existing permanent hearing impairment. (Id. at 9.)

Plaintiff names the following Defendants in their official and individual capacities: (1) California Health Care Services ("CHCS"), (2) CSATF/SP, (3) Delano, LVN, (4) Ugwueze, Physician, (5) Does I-V at CSATF/SP. Plaintiff seeks injunctive relief and compensatory and punitive damages. (Id. at 2, 6.)

Plaintiff had shoulder surgery on April 21, 2009. He alleges that he re-injured the shoulder in the May 16th fall. (Id. at 9.) He was seen by Defendant Delano shortly after the fall. (Id. at 9, 11.) She was disrespectful and unprofessional, and she accused him of lying about the injury. She teased him about his hearing impairment and was biased against him because of it. (Id.) She told him his shoulder was not broken, allegedly without examining/touching it. (Id.) She advised him to promptly put in a medical slip to get an x-ray and follow-up treatment. (Id.) Subsequent x-ray showed dislocation of a screw placed in Plaintiff's shoulder during the April 21st surgery, necessitating additional surgery and impacting Plaintiff's daily activities. (Id. at 8, 28.) On June 1, 2009, a non-party, Dr. Smith prescribed morphine for the shoulder injury, but Plaintiff alleges he has not received any. (Id. at 26-27.)

Defendant CSATF/SP has custody of Plaintiff and is responsible for his medical care. (Id. at 23.) Defendant CHCS is responsible for hiring and retention of medical staff

-3-

at CSATF/SP and providing prisoners with medical services. (Id.) Defendant Delano is employed by California Department of Corrections and Rehabilitation as a Licensed Vocational Nurse, (Id. at 24.) Defendant Ugwueze is employed by California Department of Corrections and Rehabilitation as a physician at CSATF/SP. (Id. at 24.) Defendant Ugwueze was responsible for supervising and training CSATF/SP medical staff, and according to Plaintiff he denied medical treatment for Plaintiff's shoulder injury. (Id. at 24-25, 27.) Plaintiff states that Defendant Does I-V at CSATF/SP denied him access to x-ray or emergency medical treatment. (Id. at 27.)

## IV. ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### A. Eleventh Amendment

The Eleventh Amendment prohibits suits against state agencies.[1] See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); see also Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th 1991); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

Defendant CSATF/SP is a state agency and is entitled to Eleventh Amendment immunity from suit absent a waiver or exception. No waiver or exception is apparent based on the allegations in the Complaint.

Plaintiff cannot proceed against this entity.

### B. Personal Participation and Supervisory Liability

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

---

[1] The Ninth Circuit Court of Appeals has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Dittman v. California, 191 F.3d 1020, 1025–26 (9th Cir.1999).

The Court finds that, for purposes of screening, the facts alleged in the Complaint do sufficiently personally link Defendant Delano to the alleged violation of Plaintiff's constitutional rights. Defendant Delano saw Plaintiff shortly after his May 16th fall, allegedly provided inadequate medical care to him, and discriminated against him because of his hearing impairment.

Plaintiff fails to allege any facts personally linking Defendant Ugwueze to the alleged rights violation. There is no evidence that Defendant Ugwueze personally participated in the events alleged in Plaintiff's Complaint. Defendant Ugwueze cannot be held liable based solely on his position as supervising prison physician at CSATF/SP. Plaintiff cannot proceed against Defendant Ugwueze unless he truthfully alleges how this Defendant *personally* violated, or knowingly directed a violation of his constitutional rights.

Plaintiff fails to allege any facts personally linking Defendant CHCS to the alleged rights violation. Plaintiff should note that the mere fact CHCS conducted third level review of Plaintiff's prison appeal in this matter is not a sufficient basis to link CHCS to a violation of Plaintiff's constitutional rights.[2] Plaintiff cannot proceed against Defendant CHCS unless he truthfully alleges how this Defendant *personally* violated his constitutional rights.

Plaintiff fails to allege any facts personally linking Defendant Does I-V to the alleged rights violation. Plaintiff cannot proceed against these Doe Defendants unless he truthfully alleges how these Defendants each *personally* violated his constitutional rights.

**C.    Inadequate Medical Care**

---

[2] "Inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See Buckley v. Barlow, 997 F.2d 494,495 (8th Cir.1993) (Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983).

-6-

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106;

-7-

see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995); see also McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff claims that his May 16th fall caused trauma to his recent shoulder surgery, resulting in ongoing pain, and impairment of his daily activities. This injury, if not properly treated could potentially cause significant injury. See Jones v. Johnson, 781 F.2d 769, 771–72 (9th Cir.1986) (held that a hernia which caused severe pain and an inability to work stated a serious medical need); see also McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of deliberate indifference.

However, Plaintiff has not included sufficient allegations to support a claim that any of the Defendants were deliberately indifferent to Plaintiff's medical needs. Plaintiff alleges no facts that Defendants CHCS, CSATF/SP, Ugwueze, and Does I-V participated in the alleged rights violation. The allegations against Defendant Delano, that she was disrespectful and failed to examine Plaintiff's shoulder injury, taken as true might well suggest negligence, but not deliberate indifference. Defendant Delano interviewed Plaintiff, treated him with an ice pack, and advised him to promptly submit a medical slip to receive follow-up treatment including a shoulder x-ray. There is no evidence that any Defendant knowingly disregarded an excessive risk of harm to Plaintiff's left shoulder, or that the chosen course of treatment was medically unacceptable and impacted plaintiff's treatment and recovery. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Johnson 433 F.3d at 1013 (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)).

Plaintiff also alleges that in the weeks following the injury he saw a nonparty, Dr. Smith, who prescribed morphine. Plaintiff complains that he has not received the morphine. (Compl. at 26-27.) This allegation is attributed neither to the Defendants, nor to any deliberate indifference, and standing thus can not support a claim. Further this allegation appears contradicted by Plaintiff's statement that he is "receiving medication ...." (Id. at 16.)

Plaintiff has failed to state a claim for inadequate medical care against Defendants CHCS, CSATF/SP, Delano, Ugwueze, and Does I-V . The Court will give Plaintiff leave to amend his Complaint with regard to the alleged inadequate medical care. In order to state a claim for a violation of the Eighth Amendment based on inadequate medical care, Plaintiff needs to set forth sufficient facts showing (1) a serious medical need, and (2) a deliberately

indifferent response to that need on the part of the Defendants.

**D.     Harassment**

Plaintiff may complain that Defendant Delano harassed him in violation his Eighth Amendment right to be free from cruel and unusual punishment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain ...." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

"'Verbal harassment or abuse ... is not sufficient to state a constitutional deprivation....'" Whitley v. Lopez, 2011 WL 5101944, *3 (E.D. Cal. Oct.25, 2011) (citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987)). Verbal harassment is not a "sufficiently serious" deprivation to satisfy the first element of Plaintiff's Eighth Amendment claim. See Farmer, at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Thus, to the extent Plaintiff wishes to assert such a claim, it can not stand and is hereby dismissed with prejudice.

**E.     Title II of the ADA**

Plaintiff does not specifically state that he is pursuing any claims based on violation of Title II of the Americans with Disabilities Act ("ADA"). However, Plaintiff filed an ADA Accommodation request on May 19, 2009, three days after his fall, alleging Defendant Delano was "biased against [Plaintiff's] hearing" when treating him for the May 16th fall. (Compl. at 9.) Plaintiff has a permanent hearing impairment and must wear hearing aids. (Id. at 9-12.) Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such

entity." 42 U.S.C. § 12132. In order to state a claim under the ADA, plaintiff must have been "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997). Plaintiff has alleged no facts demonstrating such exclusion or denial. Plaintiff's allegations of inadequate medical care do not state a claim under the ADA. Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.") Nor may Plaintiff pursue ADA claims against an individually named Defendant.[3]

### F.     Doe Defendants

Plaintiff names Does I-V CSATF/SP as Defendants in this action. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that Doe Defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden remains on Plaintiff to promptly

---

[3] Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).

discover the full names of Doe Defendants. Id.

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's

amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed November 9, 2010.

Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.

Plaintiff shall file an amended complaint within thirty (30) days from filing of this order.

If Plaintiff fails to file an amended complaint in compliance with this order, it will be recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, and that the dismissal be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   December 29, 2011           /s/ *Michael J. Seng*
ci4d6                                UNITED STATES MAGISTRATE JUDGE