1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LUNA, | CASE NO.    1:10-CV-02076-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| | (ECF NO. 13) |
| v. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| CALIFORNIA HEALTH CARE SERVICES, et al., | |
| Defendants. | |
| _____/ | |

**SECOND SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Arthur Luna is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

-1-

Plaintiff's Complaint was dismissed with leave to amend for failure to state a claim. (Order Dismiss. Compl., ECF No. 11.) Plaintiff filed a First Amended Complaint (First Am. Compl., ECF No. 13) which is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff alleges Defendants were deliberately indifferent and negligent as to injuries he suffered in a May 16, 2009 fall from his upper bunk at the California Substance Abuse Treatment Facility ("CSATF") and thereby violated  his Eighth Amendment rights and state

tort law. (First Am. Compl. at 3-6, 16-27.)  His fall damaged surgical work which had been

performed on his left shoulder by (non-party) Dr. Smith the month before. (Id.) He saw

Defendant Delano, a nurse in the prison clinic shortly after the fall; she was disrespectful

to him and refused to examine his injury and give him proper medical care, leaving Plaintiff

in pain. (Id. at 3, 16-27.) He saw his surgeon, Dr. Smith at the prison clinic on June 1,

2009; Dr. Smith ordered pain medication (morphine) and an MRI of the shoulder. (Id. at

23.) Defendant Dr. Ugwueze, a supervising medical doctor at CSATF, interfered with and

denied Dr. Smith's order, and told Plaintiff there was nothing wrong with his shoulder. (Id.

at 3, 18.)

Defendant California [Prison] Health Care Services is responsible for the care

provided by Defendants Delano and Ugwueze and negligently hired and retained them.

(Id.)

Plaintiff names as Defendants (1) California Health Care Services (CHCS),[1] (2)

Nurse Delano, (3) Dr. Ugwueze. (Id. at 2-3.)

Plaintiff seeks injunctive relief for proper care and medication, and monetary

compensation. (Id. at 3.)

IV.   **ANALYSIS**

A.   **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

a right secured by the Constitution or laws of the United States was violated and (2) that

the alleged violation was committed by a person acting under the color of state law. See

---

[1] The Court takes notice that CHCS is court appointed receivership. See Plata v. Arnold Schwarzenegger, et al., N.D. Cal. Case No. C01-1351 THE, Order Appointing Receiver at 6.

West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

## B.   Section 1983 Linkage

To state a claim under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff fails to allege any facts personally linking Defendant CHCS to the alleged rights violation. Merely alleging that CHCS is responsible for and has authority over prison health care services is not sufficient to show personal participation in the alleged violation of Plaintiff's federal rights. CHCS can not be held liable under § 1983 for its involvement

-4-

in review of prison health care appeals.[2]

Plaintiff was advised of the above deficiency in the previous screening order. (Order Dismiss. Compl. at 6.)  Plaintiff has failed to correct this deficiency.

The Court will allow Plaintiff one final opportunity to amend to try to assert a cognizable claim. Plaintiff may not proceed against Defendant CHCS unless he alleges facts plausibly claiming Defendant CHCS *personally* violated, or knowingly directed a violation of, his constitutional rights.

## C.    Inadequate Medical Care

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment.

 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974

---

[2] "Inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See Buckley v. Barlow, 997 F.2d 494,495 (8th Cir. 1993) (Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983).

F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also  Wilhelm v. Rotman, - - - F.3d - - -, 2012 WL 1889786 *7 (9th Cir. May 25, 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, - - - F.3d. - - -, 2012 WL 1889774 *7 (9th Cir. May 25, 2012) (decision

of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff's allegation that his May 16th fall injured a previously surgically repaired shoulder resulting in ongoing pain and impairment of daily activities, taken as true on screening, is sufficient to claim a serious medical need in satisfaction of the first prong of a deliberate indifference claim. This injury, if not properly treated could potentially cause significant injury.[3]

However, Plaintiff has not yet alleged facts reflecting deliberate indifference to his medical need. Nothing before the Court at present suggests any Defendant knowingly disregarded an excessive risk of harm and acted in a medically unacceptable manner.

The allegations that Defendant Nurse Delano was disrespectful and failed to fully evaluate his injury, taken as true suggest no more than negligence, not deliberate indifference. It appears that Defendant Delano interviewed him, treated him with an ice pack, and advised him to promptly submit a medical slip in order to receive follow-up treatment and care including an x-ray of his injured left shoulder. This care provided by Defendant Delano is not suggestive of deliberate indifference.

The allegation that Defendant Dr. Ugwueze told Plaintiff nothing was wrong with his shoulder likewise is suggestive of nothing more than negligence, not deliberate indifference. The allegation that Defendant Dr. Ugwueze interfered with and denied the order of Dr. Smith, Plaintiff's surgical specialist, could suggest medical indifference if

---

[3] "[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."  McGuckin, 947 F.2d at 1059–60.

Defendant Ugwueze was aware of medical need for the treatment ordered by Dr. Smith and then delayed or denied treatment in a manner not medically acceptable. Plaintiff fails to allege sufficient factual details regarding Dr. Smith's June 1, 2009 order and the care, and the diagnoses and treatment provided by Dr.'s Smith and Ugwueze, for the Court to determine the plausibility of such a medical indifference claim.

Plaintiff again fails to state a claim for inadequate medical care. The Court will give Plaintiff a  final opportunity to amend to correct the noted deficiencies. If Plaintiff chooses to amend he must set forth sufficient facts plausibly claiming, in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of a Defendant or Defendants.

## D.    State Law Claims

Plaintiff alleges state law medical malpractice.

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

The Court need not address the viability of Plaintiff's state law claim because it will not exercise supplemental jurisdiction over any state law claim given Plaintiff's inability to

state a cognizable federal claim. 28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001); <u>see also</u> <u>Gini v. Las Vegas Metropolitan Police Dep't</u>, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." <u>Les Shockley Racing v. National Hot Rod Ass'n</u>, 884 F.2d 504, 509 (9th Cir. 1989).

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing compliance with the Tort Claims Act as to a timely and sufficient state law claim as against each of the Defendants.

### E.   Exhaustion of Administrative Remedies

Plaintiff fails to allege he has exhausted his administrative remedies through the prison appeal process as to Defendants CHCS and Dr. Ugwueze. (First Am. Compl. at 2, 8-15.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." <u>Ngo v. Woodford</u>, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 2384 (2006)).

In this instance Plaintiff alleges exhaustion only as to Defendant Delano. If Plaintiff chooses to amend, he should allege facts supporting exhaustion at each level of prison appeal as to all Defendants.

**F.    Injunctive Relief**

Plaintiff seeks injunctive relief in the form of proper medical corrective care and proper medication. (Compl. at 3.)

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim.

Nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any

continuing, present, adverse effects."). Here it appears Plaintiff has received the MRI ordered by Dr. Smith. (Compl. at 24.)

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in providing the best practical prisoner care, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison medical staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff **one final opportunity** to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing

-11-

the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed January 18, 2012.

Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted.

Plaintiff shall file an amended complaint within thirty (30) days from service of this order.

If Plaintiff fails to file an amended complaint in compliance with this order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and

/////

/////

-12-

failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

<u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).


IT IS SO ORDERED.


Dated:   <u>May 31, 2012</u>          <u>/s/ Michael J. Seng</u>
                                      UNITED STATES MAGISTRATE JUDGE