UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LUNA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTH CARE SERVICES, et al.,<br><br>Defendants.<br>_____/ | CASE No:   1:10-cv-02076-LJO-MJS (PC)<br><br>ORDER FINDING SECOND AMENDED COMPLAINT TO STATE A COGNIZABLE EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT UGWUEZE<br><br>(ECF No. 18) |

### THIRD SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Arthur Luna is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has declined Magistrate Judge jurisdiction. (Request for Reassignment, ECF No. 7.)

Plaintiff's Complaint and First Amended Complaint were dismissed for failure to state a claim with leave to amend. (Orders Dismiss., ECF Nos. 11, 15.) On July 27, 2012, Plaintiff filed a Second Amended Complaint (Second Am. Compl., ECF No. 18) which is now before the Court for screening.

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.  SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff alleges Defendant medical staff at the California Substance Abuse and Treatment Facility - Corcoran California ("CSATF") were deliberately indifferent, in violation

of the Eighth Amendment, and medically negligent when Plaintiff re-injured his surgically repaired left shoulder in a May 16, 2009 fall from an upper bunk. (Second Am. Compl. at 3, 6-14.)

Defendant Delano, a nurse in the CSATF prison clinic who saw Plaintiff just after his injury, was disrespectful to him, refused to examine him and provide proper medical care, and left him in pain. (Id. at 3, 7, 13-24.) When he saw his surgeon, Dr. Smith at the CSATF prison clinic on June 1, 2009, Dr. Smith ordered morphine pain medication and an MRI of the shoulder. (Id. at 8.) Defendant Dr. Ugwueze, a medical doctor at CSATF, interfered with Dr. Smith's order by discontinuing the morphine in favor of another pain medication and delaying the MRI for three months; he told Plaintiff there was nothing wrong with the shoulder and that he had to cut all medications and surgeries due to a budget crisis. (Id. at 3, 8-9.)

He names as Defendants both nurse Delano and physician Ugwueze. (Id. at 2-3.)

He seeks injunctive relief for proper care and medication, and monetary compensation. (Id. at 3.)

IV.   **ANALYSIS**

A.   **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

**B.     Inadequate Medical Care**

Plaintiff claims that he received inadequate medical care violating the Eighth Amendment and constituting medical negligence under state law.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and

disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff's re-injury of his shoulder shortly after surgery resulting in ongoing pain and impairment of daily activities, taken as true on screening, is sufficient to claim a serious medical need in satisfaction of the first prong of a deliberate indifference claim. "[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 947 F.2d at 1059–60.

Plaintiff also alleges acts/omissions by Defendant Dr. Ugwueze sufficient on screening to satisfy the second prong of his deliberate indifference claim. He alleges that Defendant Dr. Ugwueze, who examined him, saw the bruise on his shoulder and heard his complaints of pain and limited mobility, nevertheless discontinued morphine and caused a three month delay in implementing the MRI ordered by the treating orthopaedic surgeon, Dr. Smith, causing Plaintiff additional pain and a less favorable medical outcome. These allegations raise an inference that Dr. Ugwueze was aware of the medical need for narcotic pain medication and an MRI as recommended by Plaintiff's specialist physician and callously ignored them, prescribed a less potent medication and unnecessarily delayed ordering the MRI-- reportedly because of budgetary concerns. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) ("[b]udgetary constraints, however, do not justify cruel and unusual punishment.") These allegations are sufficient on screening to state cognizable medical indifference claim. See Lloyd v. Lee, 570 F.Supp.2d 556, 568-69 (S.D.N.Y. 2008) (denial of MRI scan for nine months resulting in failure to properly diagnose inmate's shoulder injury and unreasonable delay in necessary surgery sufficiently alleged a serious

deprivation, as required to state Eighth Amendment claim).

However, Plaintiff has not alleged facts plausibly supporting a claim Defendant Delano was deliberately indifferent to his medical needs. The allegations that nurse Delano was disrespectful and failed to fully evaluate his injury, taken as true, suggest no more than negligence, not deliberate indifference. It appears that Defendant Delano interviewed him, treated him with an ice pack, and advised him to promptly submit a medical slip in order to receive definitive follow-up treatment and care including an x-ray of his injured left shoulder. This care provided by Defendant Delano is not suggestive or supportive of deliberate indifference.

Accordingly, the Court finds that Plaintiff has stated a cognizable medical indifference claim only against Defendant Ugwueze. As to Defendant Delano, the allegations are insufficient to support a violation of federal rights for the reasons stated above. Plaintiff twice previously was advised of the deficiencies in his claim against nurse Delano and the legal requirements for stating a valid claim against her. No useful purpose would be served by once again advising of those requirements and deficiencies. Plaintiff will not be given leave to amend against Defendant Delano.

C. **State Law Claims**

Plaintiff alleges state law medical malpractice against Defendants Delano and Ugweuze.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in

subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4.

The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 12 Cal.3d 447, 455 (Cal. 1974). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208–09 (Cal. 2007). Thus, in pleading a state law claim, a plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (Cal. 2004). Failure to demonstrate compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. Id.

"To establish a medical malpractice claim, a plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach - proximate or legal cause; and (4) damage to

plaintiff." Rightley v. Alexander, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing to Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (Cal. 1978)); 6 B. E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir. 1988).

Here Plaintiff fails to allege facts supporting timely filing of a claim under the CTCA. The Court need not address the viability of Plaintiff's state law claim because he has not demonstrated exhaustion of his state administrative remedies.

Again, this deficiency previously was brought to Plaintiff's attention and he was advised of the prerequisites to bringing a proper suit here, but was unable to do so. No useful purpose would be served in granting further leave to amend.

**D.     Injunctive Relief**

Plaintiff seeks injunctive relief in the form of proper medical corrective care and proper medication. (Second Am. Compl. at 3.)

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn,

extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Here it appears Plaintiff has transferred from CSATF, where the alleged rights violations took place, to California State Prison - Lancaster. As to Defendants, injunctive relief is moot unless, as is not the case here, there is an expectation that Plaintiff will be returned to their custody. Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review,'". Preiser, 422 U.S. 395 at 403 (quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911)).

Furthermore, nothing in the Second Amended Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). It appears Plaintiff has received the MRI ordered by Dr. Smith, along with necessary treatment.

Plaintiff's allegations do not support an entitlement to injunctive relief. Indeed, they tend to rule it out. The Court will not allow leave to amend.

**V.    CONCLUSION AND ORDER**

Plaintiff's Second Amended Complaint states a cognizable Eighth Amendment medical indifference claim against Defendant Ugwueze. However, Plaintiff has again failed to state a supplemental state law claim against Defendant Ugwueze and any claim against

Defendant Delano, further amendment would be futile and the Court will recommend to the United States District Judge assigned to the case that non-cognizable claim(s) and Defendant Delano be dismissed without leave to amend. Service of process may be initiated against Defendant Ugwueze only upon further order of the Court.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint states a cognizable Eighth Amendment medical indifference claim against Defendant Ugwueze, but fails to state any other cognizable claim.

2. The Court will recommend to the United States District Judge assigned to the case that non-cognizable claim(s) and Defendant Delano be dismissed without leave to amend.

3. Service of process may be initiated against Defendant Ugwueze only upon further order of the Court.

IT IS SO ORDERED.

Dated:   August 8, 2012             /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE