UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LUNA,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA HEALTH CARE SERVICES, et al.,<br><br>    Defendants.<br>_____ / | CASE No.   1:10-cv-02076-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 18 & 19)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

I.  **INTRODUCTION**

Plaintiff Arthur Luna is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

Plaintiff has declined Magistrate Judge jurisdiction. (Request for Reassignment, ECF No. 7.)

Plaintiff filed a Second Amended Complaint on July 27, 2012 (Second Am. Compl., ECF No. 18).  On screening, the Court found that Plaintiff's Second Amended Complaint stated a cognizable Eighth  Amendment claim for medical indifference against Defendant Ugwueze, but no other cognizable claim.  The Court also found that further amendment would be futile. (Order Finding Second Am. Compl. to State Cognizable Claim, ECF No.19.)

Accordingly, all claims in Plaintiff's Second Amended Complaint except for his

Eighth Amendment medical indifference claim against Defendant Ugwueze should now be dismissed. All of the Defendants named in this action except for Defendant Ugwueze should also now be dismissed.

## II. ANALYSIS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A)(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2).

The Court reviewed Plaintiff's Second Amended Complaint pursuant to this statute and found a cognizable Eighth Amendment claim for medical indifference against Defendant Ugwueze. (Order Finding Second Am. Compl. to State Cognizable Claim, ECF No. 19.) Plaintiff failed to state any other cognizable claim and the Court found further amendment would be futile. (Id.)

Accordingly, Plaintiff's other claims and all other Defendants should now be dismissed.

## III. CONCLUSION AND RECOMMENDATION

For the reasons stated in this Court's Screening Order (ECF No.19), Plaintiff's Second Amended Complaint, except for the Eighth Amendment medical indifference claim against Defendant Ugwueze, should now be dismissed and all Defendants other than Defendant Ugwueze should be dismissed.

Accordingly, it is **RECOMMENDED** that Plaintiff's Second Amended Complaint, except for the Eighth Amendment medical indifference claim against Defendant Ugwueze, should now be dismissed and  Defendant Delano should be dismissed without prejudice by the District Judge.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 9, 2012                        /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE