IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LUNA, | CASE No.   1:10-cv-02076-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| CALIFORNIA HEALTH CARE SERVICES, et al., | (ECF No. 24) |
| Defendants. | |

Plaintiff Arthur Luna is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On August 8, 2012, the Court filed its order finding the Second Amended Complaint to state a cognizable Eighth Amendment medical indifference claim against Defendant Ugwueze. (ECF No. 19.) On August 9, 2012, the Court filed its Findings and Recommendation for Dismissal of the Second Amended Complaint's non-cognizable claim(s) and the Defendant(s) against whom asserted, allowing the parties fourteen days in which to file Objections. (ECF No. 20.) On September 12, 2012, Plaintiff filed Objections to the Findings and Recommendations. (ECF No. 23.) Also on September 12, 2012, Plaintiff filed a Motion for Appointment of Counsel (ECF No. 24), which is now before the Court.

-1-

1  Plaintiff does not have a constitutional right to appointed counsel in this action,
2  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled on other
3  grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998)), and the Court cannot require an
4  attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United
5  States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).
6  However, in certain exceptional circumstances the Court may request the voluntary
7  assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

8  Without a reasonable method of securing and compensating counsel, the Court
9  will seek volunteer counsel only in the most serious and exceptional cases. In
10 determining whether "exceptional circumstances exist, the district court must evaluate
11 both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate
12 his or her claims pro se in light of the complexity of the legal issues involved." Id.
13 Neither of these factors is dispositive and both must be viewed together before
14 reaching a decision on request of counsel under section 1915(d)." Wilborn v.
15 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970
16 (9th Cir. 2009).

17 The burden of demonstrating exceptional circumstances is on the Plaintiff. See
18 Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional
19 circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 Fed.
20 Appx. 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances");
21 Simmons v. Hambly, 14 Fed. Appx. 918, 919 (9th Cir. 2001) (same); Davis v.
22 Yarborough, 459 Fed. Appx. 601, 602 (9th Cir. 2011) (plaintiff "did not show the
23 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1)").

24 In the present case, the Court does not find the required exceptional
25 circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that
26 he has made serious allegations which, if proved, would entitle him to relief, his case is
27 not exceptional. This Court is faced with similar cases almost daily. Further, the Court
28 can not make a determination at this early stage of the litigation that Plaintiff is likely to

succeed on the merits. The cognizable medical indifference claim does not appear to be novel or unduly complex, and remains in dispute. It is not clear at this point that Plaintiff's allegations will involve extensive investigation and discovery.

The record in this case including the operative Second Amended Complaint demonstrates sufficient writing ability and legal knowledge to articulate the claims asserted. The Court does not find that at present, Plaintiff can not adequately articulate his claims.

Additionally, it is not apparent on the record that before bringing this motion Plaintiff made any diligent effort to secure counsel.[1] Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile.

For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel (ECF No. 24) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   September 18, 2012            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).