# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LUNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HEALTH CARE SERVICES, et al.,<br><br>　　　　Defendants. | CASE No. 1:10-cv-02076-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT (1) PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL BE DENIED, and (2) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED**<br>**(ECF Nos. 39, 48)**<br><br>**OBJECTIONS DUE IN FOURTEEN DAYS** |

　　Plaintiff Arthur Luna is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed November 9, 2010 pursuant to 42 U.S.C. § 1983. This matter proceeds on the Second Amended Complaint's claim of medical indifference by Defendant Dr. Ugwueze M.D.

　　Defendant filed a motion for summary judgment on December 2, 2013.[1] Plaintiff filed opposition to the motion on March 3, 2014. Defendant replied to the opposition on March 10, 2014, objecting and moving to strike portions of Plaintiff's declaration in opposition and Second Amended Complaint.

---

[1] Pursuant to *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), Defendant notified Plaintiff of his rights, obligations and methods for opposing the summary judgment motion. (ECF No. 39.)

1

The matter is deemed submitted for ruling. Local Rule 230(*l*).

## I.     FACTUAL BACKGROUND

Plaintiff claims Defendant, a physician at the California Substance Abuse and Treatment Facility - Corcoran California ("CSATF"), denied and delayed treatment ordered by an orthopedic specialist for his injured shoulder.

Specifically, Plaintiff claims that he re-injured his surgically repaired shoulder in a May 16, 2009 fall. On June 1, 2009, his orthopedic surgeon, Dr. Smith, ordered morphine for pain and an MRI of the shoulder. Plaintiff claims Defendant discontinued the morphine in favor of another pain medication and delayed the MRI for three months. Additionally, Defendant told Plaintiff there was nothing wrong with the shoulder and that a budget crisis required all medications and surgeries be cut.

Plaintiff seeks monetary compensation along with an order that he receive proper medical care.

## II.    LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but it is not

required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence. *Soremekun*, 509 F.3d at 984. It must draw all inferences in the light most favorable to the nonmoving party and determine if a genuine issue of material fact precludes judgment. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011).

**III.   ARGUMENTS**

    **A.   Summary of Defendant's Argument**

Defendant argues that he did not deny, and could not have denied, Plaintiff medication and treatment in 2009 as alleged because Defendant did not begin his employment at that facility until January 2010.

Defendant also argues that his care for Plaintiff during 2010 was medically appropriate. He examined Plaintiff on six different occasions, the first being January 14, 2010. Defendant progressively increased Plaintiff's pain medication and provided orthopedic referrals back to Dr. Smith who performed further surgery on Plaintiff's shoulder on March 2, 2010. Defendant also provided Plaintiff with a post-surgical accommodation chrono to limit use of the injured shoulder.

Defendant did not see or treat Plaintiff after December 2010.

Defendant maintains that he is, in any event, entitled to qualified immunity for the care he provided Plaintiff.

### B. Summary of Plaintiff's Argument

Plaintiff concedes he was mistaken as to the dates Defendant treated him, but maintains the allegations of his complaint are true insofar as they accurately describe Defendant's denial of medication and MRI evaluation before and after his March 2010 surgery.

Plaintiff also asserts, in effect, that granting Defendant's motion would punish him for his inexperience with discovery. He notes that he erroneously sent to the Court a discovery request seeking Defendant's employment, training and education documents.

Plaintiff requests in his opposition papers that counsel be appointed to assist him.

## IV. DISCUSSION

### A. Legal Standard – Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096, quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Medical indifference can be stated where a treating physician knowingly denies or delays treatment recommended by a specialist. *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004).

### B.   Plaintiff's Opposition is Procedurally Deficient

Despite a two month extension of time to oppose Defendant's motion, (see ECF Nos. 43, 46), Plaintiff did not provide an opposing separate statement of facts. Fed. R. Civ. P. 56(c); Local Rule 260(b). However, given Plaintiff's pro se status the Court nonetheless considers his arguments and evidentiary showing.[2]

### C.   Defendant was not Medically Indifferent

#### 1.   Defendant did not Treat Plaintiff in 2009

Plaintiff re-injured his surgically repaired shoulder in a May 16, 2009 fall at CSATF and requested medical assistance. (Undisputed Material Fact, "UMF", Nos. 1 and 2.) On June 1, 2009, he saw Dr. Smith, the orthopedist at CSATF, who ordered morphine for pain and an MRI of the shoulder. (UMF No.3.)

Plaintiff alleges in his pleading that Defendant denied him the morphine and the MRI ordered by Dr. Smith on June 1, 2009. However, the administrative appeal record included with the Second Amended Complaint suggests that on September 15, 2009 Plaintiff received the MRI ordered by Dr. Smith (Sec. Am. Compl., ECF No. 18 at 24, 30-31); Plaintiff apparently concedes as much (UMF No 5). The appeal record also reflects that as of September 15, 2009, Plaintiff was receiving Tylenol with Codeine for shoulder pain, the morphine having been previously discontinued by an unnamed primary care physician because it was no longer medically indicated. Plaintiff has not

---

[2] For the same reason and given the disposition hereunder, the Court declines to reach Defendant's evidentiary objections to and motion to strike portions of Plaintiff's opposition declaration and Second Amended Complaint. (See ECF No. 50.)

5

produced any evidence to dispute that this care was appropriate under the circumstances.

Additionally, Defendant has proffered evidence showing that he did not begin employment at CSATF until January 14, 2010. (UMF No. 7.) Defendant did not then encounter or treat Plaintiff in 2009. Plaintiff appears to concede that Defendant was not employed at CSATF in 2009. (Opp'n, ECF No. 48, at 3:22-24.)

Plaintiff has not made any evidentiary showing that Defendant denied, delayed or interfered with care ordered by Dr. Smith in 2009. Plaintiff has not made any evidentiary showing that Defendant worked at CSATF in 2009.

2.  2010 Medical Indifference not in Issue

The Second Amended Complaint alleges medical indifference occurring in 2009, not 2010. Plaintiff may not argue claims not raised in his Second Amended Complaint. Similarly, he may not amend his pleading through argument in opposition to summary judgment to add such claims. *Gilmour v. Gates, McDonald & Co.*, 382, F.3d 1312, 1315 (11th Cir. 2004).

3.  No Medical Indifference in 2010

Even if 2010 claims were properly in issue, nothing in the record suggests Defendant was indifferent to Plaintiff's medical needs.

Defendant first encountered Plaintiff in the CSATF clinic on January 14, 2010. (UMF No. 7.) During this visit Defendant discontinued a medication, Naprosyn, due to complications as regards an unrelated health condition, and for the same reason adjusted Plaintiff's then active prescription for Tylenol with Codeine. At that time, Defendant also referred Plaintiff to Dr. Smith for consultation regarding continuing shoulder pain. (UMF No. 13.) It appears that these decisions were appropriate and

acceptable based upon Defendant's medical judgment. (UMF Nos. 7, 11, 12, 33, 34.) Plaintiff has not offered evidence otherwise.

Dr. Smith saw Plaintiff on January 17, 2010 and scheduled him for further shoulder surgery. (UMF 14.) Pending the surgery, Defendant increased Plaintiff's pain medication. (Id.) Dr. Smith performed the surgery on March 2, 2010. (Id.) Defendant did not attend. (UMF 15.)

Defendant provided post-surgical treatment and progressively increased Plaintiff's pain medication to include the narcotic Ultram, recommended by Dr. Smith. (UMF Nos. 14, 16, 19, 21.) Defendant also adjusted Plaintiff's other medication for complications from his unrelated health condition (UMF No. 21); provided further orthopedic referrals (UMF Nos. 18-20); and provided a Comprehensive Accommodation Chrono so that Plaintiff could restrict use of the injured shoulder. (UMF No. 16.) Twice in the fall of 2010, Defendant reviewed Plaintiff's x-ray and MRI imagery which indicated that no further treatment of the injured shoulder was needed. Plaintiff was so notified. (UMF Nos. 25, 27, 29.)

After 2010, Defendant had no further medical clinic encounters with Plaintiff and did not personally treat or examine him. (UMF No. 30.) Defendant did, upon his 2011 promotion to CSATF Chief Surgeon, approve a Comprehensive Accommodation Chrono for Plaintiff as recommended by a subordinate health care provider. (UMF No. 31-32.)

Defendant contends his 2010 care of Plaintiff was appropriate and medically acceptable. (UMF Nos. 7, 11, 12, 33, 34.) Plaintiff disagrees, arguing in his opposition that Defendant "did stop [his] medication and MRI before and after surgery." (Opp'n, EFC No. 48 at 6:23-24.) Plaintiff relies upon medical records included with the

7

opposition.

Plaintiff claims his January 14, 2010 medical records show that Defendant discontinued Naprosyn. (Opp'n, ECF No. 48 at 12.) However the undisputed evidence shows Plaintiff had already discontinued Naprosyn and that Defendant found it contraindicated in Plaintiff's case. (Id.; UMF No. 13.) After the March 2010 surgery, Defendant sought CDCR approval of the narcotic Ultram as requested by Dr. Smith. (Id., at 21.). Nothing in the records suggests that Dr. Smith or any other health care professional disagreed with Defendant's actions, that Defendant did not respond to Plaintiff's medical needs, or that Defendant provided professionally unacceptable care. Cf., *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff states in his opposition that he "never received" certain medication recommended in 2010 by Dr. Smith. (See Opp'n at 7-8, 12-14, 18-20.) This claim does not appear in the Second Amended Complaint. As noted, Plaintiff may not amend his pleading merely through argument in opposition to summary judgment. *Gilmour*, 382 F.3d at 1315. In any event, Plaintiff does not identify the unreceived medication or suggest that Defendant was responsible for its non-receipt.

In sum, nothing in the record suggests that Defendant failed to follow a recommendation of Dr. Smith or that Defendant's treatment decisions were contrary to the opinion of other health care providers and medically unacceptable. Plaintiff's

disagreement with Defendant's treatment decisions is not alone a basis for deliberate indifference where there is no genuine dispute of fact that the treatment chosen by Defendant was medically acceptable. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981); *Jackson v. Mcintosh*, 90 F.3d 330, 332 (9th Cir.1996).

Plaintiff has not put forth expert or other sufficient evidence to raise a triable issue of fact in support of his claim that Defendant was medically indifferent.

### D. No Basis for Discovery Continuance

Plaintiff has not supported a need for and entitlement to Rule 56(d) continuance for further discovery.

Plaintiff's opposing Declaration (ECF No. 48) does not identify facts essential to his opposition that he cannot now present. *Figg v. Russell*, 433 F.3d 593, 597 (8th Cir. 2006). Nowhere does Plaintiff indicate what information, not already in the record, is needed and how and why it is essential to his case and not previously sought through discovery.[3]

Moreover, Plaintiff was previously provided with a two month extension of time prepare and file his opposition to Defendant's summary judgment motion. (See ECF Nos. 43, 46.) Plaintiff does not explain why he was unable to complete discovery within the time as extended to oppose the motion for summary judgment.

### E. Plaintiff's Request for Counsel Denied

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United*

---

[3] Defense counsel represents she has not located any discovery propounded by Plaintiff upon Defendant. (See ECF 49-1 at ¶ 6.)

9

*States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. See *Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel.").

Here, Plaintiff does not demonstrate exceptional circumstances supporting appointment of counsel, 28 U.S.C. § 1915(e)(1); *Rand*, 113 F.3d at 1525, for the reasons stated in the Court's January 27, 2014 order denying counsel. (See ECF No. 47.) Nothing before the Court suggests a need and entitlement to reconsideration of the Court's January 27, 2014 order. Rule 60(b)(6); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir.2008); Local Rule 230(j).

This is so even though, as noted, there are procedural shortcomings in Plaintiff's papers. Despite his failure to comply with the technical requirements for responding to this motion, it appears Plaintiff has presented through his arguments all of the facts he feels justify denial of this motion. As noted, the Court has addressed the substance of

each of his claims and concludes on the basis of the facts and evidence presented that he has not identified a viable constitutional claim.

## V.     FINDINGS AND RECOMMENDATIONS

Plaintiff has not demonstrated extraordinary circumstances supporting appointment of counsel. He has not met his burden of putting forth sufficient evidence to raise a triable issue of fact in support of his medical indifference claim.[4]

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Plaintiff's request for appointment of counsel (ECF No. 48) be DENIED, and that Defendant's motion for summary judgment (ECF No. 39) be GRANTED concluding this action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  August 29, 2014          /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE

---

[4] Because the Court resolves Defendant's motion for summary judgment in his favor on other grounds, it does not reach Defendant's qualified immunity argument.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28